290 So.2d 597 (1974)
Huey Gene PERKINS
v.
STATE of Mississippi.
No. 47706.
Supreme Court of Mississippi.
February 18, 1974.
*598 William C. Thompson, Forest, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Chief Justice.
Huey Gene Perkins was convicted in the Circuit Court of Scott County of manslaughter in the killing of his wife, Charlene Perkins. He appealed from the judgment sentencing him to serve twenty years in the penitentiary. We affirm.
The defendant raises two issues on appeal. First, he argues that a peremptory instruction should have been granted and that the verdict was against the overwhelming weight of the evidence, and, secondly, he contends that the testimony of state witnesses, Mike Cox, Mr. Roby Williams, and Mrs. Roby Williams, should not have been admitted.
The state's witnesses testified as follows: Approximately three months prior to Charlene Perkins' death, the defendant told his former wife, Joan Wedgeworth, that he planned to get rid of Charlene "one way or the other" within the next six months. Two weeks preceding her death, Mr. and Mrs. Roby Williams, who lived about 200 yards from the Perkins' house, heard a loud argument between Mr. and Mrs. Perkins, during which Charlene Perkins screamed repeatedly, "Huey Gene, don't hit me no more."
At 11:50 p.m. on the night of Mrs. Perkins' death, Mr. and Mrs. Williams heard Charlene Perkins screaming and a noise that resembled the sound of a wooden object hitting against something. Mr. Williams recognized the voice of the defendant, who was shouting, "Get up, get up." These sounds continued for approximately one hour, and then Mr. Williams heard an automobile being driven away.
The defendant drove his wife to the Scott County Hospital where Dr. Howard Clark examined her and determined that she was dead. His examination revealed multiple bruises and abrasions over her body, and he concluded that death was caused by a beating from a round or flat object which was probably wooden. This opinion was corroborated by the autopsy performed by Dr. Forrest Bratley.
*599 Mr. Clyde Lindsey, Deputy Sheriff of Scott County, investigated the Perkins premises and discovered that a four-inch wooden plank was missing from the front door. Lindsey found this plank lying in the yard.
The defendant's explanation was that prior to his wife's death they had been making passionate love. She had tripped and fallen several times, and the marks over her body were passion marks and bruises from her falls.
The evidence was sufficient to withstand a request for a peremptory instruction and to support the verdict. In fact, it is difficult to understand how a jury in search of the truth could have reached any other conclusion than that of guilt.
The defendant's objection to the admissibility of the testimony of Mike Cox, Mr. Roby Williams, and Mrs. Roby Williams lacks merit. The defendant objected to the competence of Mike Cox and the content of his testimony. At the time of the trial, Cox was thirteen years old, and he demonstrated an understanding of the duty to tell the truth. The issue of the competence of children to testify is largely within the sound discretion of the trial judge, and we find no abuse of that discretion in this case. Wilson v. State, 221 So.2d 100 (Miss. 1969).
The defendant also contends that the portion of Cox's testimony concerning a quarrel between Mr. and Mrs. Perkins should have been excluded, since Cox was uncertain whether this incident occurred one month or six months prior to the death. Evidence of prior marital difficulties occurring within approximately one month of the crime has been held admissible by this Court in order to show motive and intent. Pendergraft v. State, 213 So.2d 560 (Miss. 1968), appeal dismissed and cert. denied, 394 U.S. 715, 89 S.Ct. 1453, 22 L.Ed.2d 671, rehearing denied, 395 U.S. 941, 89 S.Ct. 1993, 23 L.Ed.2d 459 (1969). If this incident occurred six months prior to Mrs. Perkins' death, the other evidence is nevertheless so convincing that the error of admitting testimony of dubious relevance was harmless.
The defendant objected to the testimony of Mr. and Mrs. Williams, since they were 150 yards away and could not have known what the defendant did. However, a person can testify to facts within his knowledge, gained through any of his senses. Dennis v. Prisock, 221 So.2d 706 (Miss. 1969). We find that the testimony of both of these witnesses was properly admitted.
Since we find no reversible error in this record, the case is affirmed.
Affirmed.
SMITH, ROBERTSON, WALKER and BROOM, JJ., concur.