356 So.2d 1165 (1978)
J.Q. RHYMES
v.
STATE of Mississippi.
No. 50327.
Supreme Court of Mississippi.
March 22, 1978.
Houghton F. Elias, Jr., Cleveland, for appellant.
*1166 A.F. Summer, Atty. Gen., by Robert D. Findley, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, ROBERTSON and LEE, JJ.
LEE, Justice, for the Court:
J.Q. Rhymes was convicted in the Circuit Court of Bolivar County for rape of his seven-year-old daughter and was sentenced to life imprisonment, from which conviction and sentence he appeals.

I.
Appellant contends that the trial court erred in that the indictment was fatally defective and omitted an essential element of the crime charged against him.
The indictment charged the following:
"That J.Q. Rhymes ... on the 12th day of March A.D., 1976 ... did then and there wilfully, unlawfully and feloniously make an assault in and upon the body of one ... [name omitted] and he the said J.Q. Rhymes, was then and there a male person, and she the said Myra Katrana Brooks was then and there a female child under the age of 12 years; and he, the said J.Q. Rhymes, did then and there wilfully, unlawfully and feloniously rape, ravish and carnally know the said Myra Katrana Brooks, in violation of Section 97-3-65(1) of the Mississippi Code Annotated (1972)."
Appellant argues that the indictment charges he violated Section 97-3-65(1), Mississippi Code Annotated (1972), without adding the words "as amended." Further, that Section 97-3-65 was the pertinent section of Mississippi Code Annotated (1972), and that Section 97-3-65(1), which was in effect at the time of the alleged crime, was an amendment to Mississippi Code Annotated (1972) by the 1974 Supplement.
Section 97-3-65 provided punishment for rape of a female child under the age of twelve (12) years at death, unless the jury fixed the punishment at imprisonment in the penitentiary for life. Section 97-3-65(1) fixes the punishment at death with no provision for life imprisonment. Section 99-17-20, Mississippi Code Annotated (1972), as amended by the 1976 Supplement, provides that where a crime is punishable by death, the offense shall be specifically cited in the indictment by setting forth the section and subsection number of the Code defining the offense alleged to have been committed by the accused and that any conviction for such offense shall not be valid unless the offense shall have been set forth in the indictment by section and subsection.
In Bell v. State, 353 So.2d 1141 (Miss. 1977), the trial court permitted amendment of the indictment in order to include the section and subsection of Mississippi Code Annotated section 97-3-19(2)(e) (Supp. 1977), as amended, to comply with Section 99-17-20, and said:
"The appellant first complains the indictment should have been quashed because it failed to cite and define the offense charged. The indictment as initially written and without its formal parts charged: `... did willfully, unlawfully, and feloniously, and of his malice aforethought, kill and murder Michael Romanoff, a human being, while in the commission of the crime of armed robbery, or in an attempt to commit armed robbery.' It was amended prior to trial so as to charge: `... did willfully, unlawfully, and feloniously, and of his malice aforethought, kill and murder Michael Romanoff, a human being, while in the commission of the crime of armed robbery, or in an attempt to commit armed robbery, in violation of Section 97-3-19(2)(e) of the Mississippi Code of 1972, as Amended, ...' (Emphasis added.). It thus satisfies Mississippi Code Annotated section 99-17-20 (1972) which requires the indictment of any crime punishable by death to cite the section and subsection of the code defining the offense alleged to have been committed. See Varnado v. State, 338 So.2d 1239 (Miss. 1976). As the amended indictment correctly cites the statute defining capital *1167 murder when homicide occurs during the commission or attempted commission of a robbery, we conclude this assignment of error is without merit." 353 So.2d at 1142-1143.
The purpose of referring to the section and subsection is to inform the defendant specifically of the charge against him. Appellant admits that the indictment would have been sufficient, if the two words "as amended" had been added following the reference to "Mississippi Code Annotated (1972)." However, when appellant turned to Section 97-3-65, Mississippi Code Annotated (1972), he immediately was put on notice that the section had been amended and that he should turn to the supplement for the amendment.
In Westmoreland v. State, 246 So.2d 487 (Miss. 1971), the Court cited with approval the following statement from 41 Am.Jur.2d Indictments and Informations § 88 (1968):
"In some jurisdictions, there are statutes providing that the statutory provision alleged to have been violated shall be set forth, and it has been held that a statute providing that it shall be sufficient to charge the defendant by using the name and article number of the offense committed is void, but citation of the wrong statute in an indictment or information will be treated as mere surplusage when objection thereto is first raised on appeal unless it appears that defendant was misled or prejudiced." (Emphasis added). 246 So.2d at 492.
The Eighth Circuit Court of Appeals discussed the question in Jackson v. United States, 325 F.2d 477 (8th Cir.1963), and said:
"Defendant's claim that he cannot be sentenced under 21 U.S.C. § 174 as amended because the indictment referred only to 21 U.S.C. § 174 without adding the words `as amended' is plainly frivolous and it warrants no prolonged discussion. Obviously, a citation to an existing official code section includes all amendments thereto then in force." 325 F.2d at 479.
Appellant made no objection to the sufficiency of the indictment nor did he challenge its validity in the trial court by demurrer or otherwise. We are of the opinion that a citation to an existing Code section includes all amendments thereto then in force, that the indictment was amendable and that, if defective at all, it was only a formal defect, which, if properly brought to the attention of the court, would have been amended. We note that in Jackson v. State, 337 So.2d 1242 (Miss. 1976), this Court considered the effect of Section 99-17-20 insofar as it pertained to granting instructions in a capital case and stated:
"We have concluded that the provision of section 99-17-20 prohibiting the granting of jury instructions as to lesser included offenses, constitutes an impediment to full and complete administration of justice in the trial of capital cases and is therefore not binding on the courts in the trial of these cases.
We therefore hold that, when warranted by the evidence, the trial court may instruct the jury with reference to lesser included offenses. However, such an instruction should not be indiscriminately or automatically given, as was condemned in Roberts [v. Louisiana] supra, 428 U.S. [325] at 334, 96 S.Ct. [3001] at 3007, 49 L.Ed.2d [974] at 982, but should only be given after the trial court has carefully considered the evidence and is of the opinion that such an instruction is justified by the evidence." 337 So.2d at 1255.
We hold that appellant was adequately informed of the charge against him, that Section 99-17-20 was substantially complied with, and that no prejudice resulted to appellant by failure to include the words "as amended" after reference to the section and subsection of the Mississippi Code of 1972.
Appellant contends that the indictment was also defective for the reason that it did not charge appellant's age to be above eighteen (18) years. The statute provides a lesser sentence for an accused whose age is between thirteen (13) and eighteen (18) *1168 years. The amended Section 97-3-65(1) simply modified the punishment prescribed for a person within such age limits. The proof was undisputed that appellant was thirty-two (32) years of age at the time of the crime and the reduction of punishment as to persons within the 13 to 18 age group could not be prejudicial to appellant. Moreover, the trial court declined to submit the case to the jury on the death penalty.
We are of the opinion that the indictment was sufficient and valid and that there is no merit to assigned error No. I.

II.
Appellant contends that the court erred in failing to examine the prosecutrix to determine her competency as a witness.
The child was seven (7) years old at the time of the crime and eight (8) years old at the time of trial. Appellant did not request the court to examine this witness in the absence of the jury to determine whether she understood the significance of an oath or whether she was otherwise qualified. The record does not indicate that she was not qualified to testify on account of her age. Appellant urges us to declare a new procedure through this Court's inherent rule-making power whereby trial court judges would be required to personally examine child witnesses before allowing them to testify. We note through experience that usually trial judges do satisfy themselves children of tender age are competent and qualified before admitting their testimony. Additionally, there is a duty upon the party against whom such witnesses are introduced to request an examination of them in the absence of the jury for the purpose of determining competency. In Wilson v. State, 221 So.2d 100 (Miss. 1969), the Court stated the rule pertaining to competency of children as follows:
"The competency or incompetency of children to testify is largely an issue within the sound discretion of the trial judge. Of course, the parties to the litigation may examine the witnesses, on voir dire, but the duty to determine the competency of children witnesses is for the trial judge to decide from his voir dire examination of the witnesses." 221 So.2d at 102.
See Perkins v. State, 290 So.2d 597 (Miss. 1974).
After preliminary questions, the district attorney asked the prosecutrix the following questions:
"Q. OK. Now, Skippy, you know the difference between right and wrong don't you?
* * * * * *
A. Yeah.
Q. You know what it is to tell the truth?
A. Yes.
Q. Are you going to tell the truth today?
A. Yes."
On cross-examination, appellant's attorney asked the prosecutrix the following questions:
"Q. All right. Now, Skippy, do you know the difference between the truth and a lie?
A. Yes.
Q. Do you know what we call a little white lie, have you ever heard that expression?
A. No.
Q. No. Well, have you ever told a lie?
A. Yes.
Q. You have. Well, what's the difference between telling the truth and telling a lie?
A (NO RESPONSE).
Q. Is it important that you tell the truth?
A. Yes.
Q. And you know how important it is that we're here today, don't you?
A. Yes.
* * * * * *
Q. You forgot. Your're telling the truth today?
A. Yes.
Q. Are you sure about this, Skippy?
A. Uh huh."
*1169 The above examination indicates that the child knew the meaning of telling the truth. The cross-examination by appellant waived his challenge to the competency of such witness. Jackson v. State, 158 Miss. 524, 130 So. 729 (1930).

III.
Appellant contends that the evidence does not support the verdict and that his motion for a directed verdict at the close of the State's case should have been granted.
Appellant chiefly argues that the State failed to prove penetration of the victim's privates. Without detailing the evidence, the record indicates overwhelmingly that there was such penetration. She bled, was hurt, torn and lacerated and ran from appellant to the bathroom where she hid. Although appellant testified that he was intoxicated and that he did not commit the act, when his wife arrived at home after the child had been attacked, appellant stated to her that he was sorry and that he tried to stop. A Dr. Green examined the child shortly after the assault and found extensive tissue damage or tearing in the lower part of the child's vagina and in the adjacent tissues, which required sutures. There was profuse bleeding and the child remained in the hospital four (4) days. The child said, "He stuck his thing in my booty." The doctor's examination did not indicate any penetration or damage in her anus. The fact of penetration need not be proved where it is shown that the private parts of the female (under the age of twelve years) have been lacerated or torn in the attempt to have carnal knowledge of her. Section 97-3-65(1), Mississippi Code Annotated (1972), as amended.
We are of the opinion that the verdict was amply supported by the evidence and that there is no merit in the third assignment of error. Gandy v. State, 355 So.2d 1096 (Miss. 1978); Warn v. State, 349 So.2d 1055 (Miss. 1977); Cochran v. State, 278 So.2d 451 (Miss. 1973).
For the reasons stated, the judgment and sentence of the trial court are affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH, P.J., and ROBERTSON, SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.