859 So.2d 1046 (2003)
Edward Lee WILLIAMS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00752-COA.
Court of Appeals of Mississippi.
November 18, 2003.
*1047 Pamela A. Ferrington, Natchez, attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before KING, P.J., BRIDGES and LEE, JJ.
KING, P.J., for the court.
¶ 1. Edward Lee Williams was found guilty of sexual battery by a jury in the Circuit Court of Adams County and sentenced to serve thirty years in the custody of the Mississippi Department of Corrections. On appeal, he argues that the evidence presented was insufficient to convict him of sexual battery and that the trial court erred in allowing the child witness to testify.
¶ 2. Finding no error, we affirm the conviction and sentence.

FACTS
¶ 3. Williams came home to Natchez, Mississippi from Chicago, Illinois on March 5, 2000, to visit his sister. Williams suffers from manic depression and schizophrenia and is taking several medications, including Thorazin, Haldol and Lithium.
¶ 4. On March 12, 2000, Williams and his eight-year-old female relative, W. E.,[1] walked to the store. He bought beer for himself and also candy for W.E. On the *1048 way back, they stopped at a fence beside the Cathedral School football field. What happened there is a matter of dispute.
¶ 5. Edna Williams Young, Williams' niece, testified at trial that the young girl rubbed Williams' penis and performed oral sex. Edna Williams Young testified that she saw the sexual acts while going for a walk near Cathedral School and that she cursed Williams and took the girl home in her car. Williams denied that the incident occurred as Young testified. According to Williams, he only hugged the child. Williams told the jury that he and Young had a history of conflict.
¶ 6. At the time of the incident the alleged victim attended special education classes in school. The trial court allowed her to testify after questioning her. Her testimony contained many contradictions. She said twice that "he made me suck his thing." When asked directly, she denied performing oral sex on Williams and said that she did "Nothing." Tanya Butler, an investigator with the Natchez Police Department, testified that a sexual assault kit was collected from the victim, but that the oral swab used on the inside of the victim's mouth was negative for seminal fluid. She testified that this was not uncommon.

DISCUSSION
I. WHETHER THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUPPORT THE VERDICT RENDERED BY THE JURY.
¶ 7. Williams argues that the evidence presented by the State was legally insufficient to support the conviction. Under Mississippi Code Annotated Section 97-3-95, the State was required to prove that the perpetrator engaged in sexual penetration of a child under the age of fourteen and that the perpetrator was twenty-four months or more older than the child.
¶ 8. In reviewing the legal sufficiency of the evidence, our authority to disturb the jury's verdict is quite limited. Clayton v. State, 652 So.2d 720, 724 (Miss.1995). We consider the evidence in the light most consistent with the verdict. Id. The prosecution must be given the benefit of "all favorable inferences that may reasonably be drawn from the evidence." Id. We may not reverse unless one or more of the elements of the offense charged is such that reasonable and fairminded jurors could only find the accused not guilty. McClain v. State, 625 So.2d 774, 778 (Miss. 1993). The credible evidence consistent with the verdict must be accepted as true and the prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Id.
¶ 9. Williams concedes that the State put on sufficient proof of the ages of the victim and the perpetrator. Williams was "forty something" and obviously more than twenty-four months older than W. E.
¶ 10. The State also put on proof of sexual penetration of the child. W.E. testified that she performed oral sex on Williams after Williams bought her some candy. Edna Williams Young also testified that she saw the girl put Williams' penis in her mouth. In Hennington v. State, 702 So.2d 403, 408 (Miss.1997), the court stated that "proof of skin to skin contact between a person's mouth, lips or tongue and the genitalia of a person's body, whether by kissing, licking or sucking, is sufficient proof of `sexual penetration.'" ¶ 11. We find that the State put on sufficient proof of the elements of the crime of sexual battery.

*1049 II. WHETHER THE TRIAL COURT ERRED IN ALLOWING THE CHILD WITNESS TO TESTIFY.
¶ 12. Prior to the child, W. E., being allowed to testify, the court asked her several questions to determine whether she would be allowed to testify. The court found that she was competent to testify. Defense counsel objected and the court overruled the objection.
¶ 13. Under Mississippi Rule of Evidence 601, all witnesses are competent to testify unless they are incompetent or otherwise disqualified to testify. A child is competent to testify if the court ascertains that the child possesses "the ability to perceive and remember events, to understand and answer questions intelligently and to comprehend and accept the importance of truthfulness." Mohr v. State, 584 So.2d 426, 431 (Miss.1991) (citing House v. State, 445 So.2d 815, 827 (Miss.1984)).
¶ 14. The trial court is afforded great deference in its determination that a child witness is competent to testify. In order to prevail in its effort to exclude the testimony of a child witness, the party opposing the testimony must show that at the time the court made its initial decision that it was apparent that the witness did not meet the criteria for testifying, not that the subsequent testimony was flawed or that the initial determination was possibly erroneous. Here, Williams points out inconsistencies in the testimony of W.E. and contends that her testimony seemed to be coached. Questions of credibility and inconsistencies in testimony are matters which are for the jury to resolve. Robert v. State, 821 So.2d 812(¶ 20) (Miss.2002).
¶ 15. We find that the trial court did not abuse its discretion in finding that the child was competent to testify.
¶ 16. Having found no error, we affirm the judgment and sentence.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF ADAMS COUNTY OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO ADAMS COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.
NOTES
[1] Due to the nature of the offense, the victim's real name is not being used for purposes of this opinion.