960 So.2d 533 (2006)
Muriel PENNY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KA-01543-COA.
Court of Appeals of Mississippi.
December 12, 2006.
Rehearing Denied April 10, 2007.
*536 David L. Walker, attorney for appellant.
Office of the Attorney General by Jeffrey A. KLingfuss, attorney for appellee.
Before MYERS, P.J., SOUTHWICK and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Muriel Penny appeals his conviction of child fondling. He was sentenced to serve fifteen years, with nine years suspended. On appeal, Penny argues that: (1) he was denied his right of confrontation when the trial court allowed a video statement given by the victim, (2) the victim was not competent to testify, and (3) the trial court erred in qualifying a State's witness as an expert in forensic examination. We find no error and affirm.

FACTS
¶ 2. Penny was indicted for two counts of sexual battery of a six-year old minor, whom we refer to as Jane.[1] The first count was based on an incident that occurred between April and September 27, 2004. The second count was based on an incident alleged to have occurred on September 28, 2004.
¶ 3. Jane testified at trial. In addition, the trial court allowed the jury to view a videotaped interview of Jane, which included a statement of her allegations against Penny. The videotape was a preplanned interview. Neither Penny nor his counsel were given notice of the video. The district attorney prepared the video to play in court in lieu of Jane's live testimony. In her direct examination, the State did not have Jane recount her allegations. She was only asked whether she saw the video and whether she told the truth on it. During redirect, the State did have Jane go into a description of her charges against Penny. Penny was allowed to re-cross on this issue. The video was allowed to be played before the jury, because Jane had given a more detailed account in the video than she had in court.
¶ 4. Jane's friend, Sydatrius Futrell testified that she saw Penny put his hand on Jane's "private" over her clothes.
¶ 5. The State called nurse Sally Discenza as an expert witness. Discenza testified that there were signs of penetration, but they were not recent and did not indicate continuous abuse. Jane was examined September 29, 2004. Discenza testified that the mother reported that Jane had been sexually abused two years prior, by another individual. Jane's mother explained that all she meant by this was that a little boy had pulled her daughter's pants down.
¶ 6. Dr. Tracy Barrett testified that Jane's injuries were consistent with her complaints, but were also consistent with a straddle injury.
¶ 7. The jury found Penny guilty of the lesser-included offense of child fondling based on Count I and not guilty on Count II.

STANDARD OF REVIEW
¶ 8. The standard of review regarding the admission or exclusion of evidence is abuse of discretion. Yoste v. *537 Wal-Mart Stores, Inc., 822 So.2d 935, 936(¶ 7) (Miss.2002). Any error in the admission or exclusion of evidence is not grounds for reversal unless the error adversely affected a substantial right of a party. Lynch v. State, 877 So.2d 1254, 1281(¶ 86) (Miss.2004). Constitutional issues are reviewed de novo. Thoms v. Thoms, 928 So.2d 852, 855(¶ 9) (Miss.2006).

ANALYSIS
I. Did the trial court err in admitting Jane's videotaped interview into evidence?
¶ 9. Penny first argues that the trial court denied him his right to confrontation when it allowed Jane's videotaped statement into evidence. Penny also argues that the admission violated the Mississippi Rules of Evidence. The State argues that Penny was allowed to cross-examine Jane on the stand, and the video was admissible under the tender years hearsay exception.
A. Right to confrontation
¶ 10. In all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him. U.S. Const. amend VI; Miss. Const. art. 3, § 26. This right applies to in-court testimony as well as out-of-court statements. Crawford v. Washington, 541 U.S. 36, 50-51, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
¶ 11. We do not find a violation of Penny's right to confrontation. Here, Jane testified, and Penny's counsel was allowed both cross-examination and recross-examination. The concern was caused by the manner in which the State offered Jane's testimony. Indeed, the State called Jane as a witness and asked her questions about her background, her understanding of the concept of telling the truth along with the consequences of not telling the truth and whether she told the truth in the interview with the social worker. The State then tendered the witness. Defense counsel asked her a number of background questions then asked for a conference in chambers. Defense counsel then raised the point that there would be a Crawford violation if the video was played after his right to cross-examine Jane. The trial judge expressed his concern with the sequence of the presentation of the evidence. The court then stated, on the record, "I will permit you [defense counsel] to recall the child after the playing of the video." Then, in the presence of the jury, defense counsel asked Jane several more questions. The State then was allowed redirect examination, where Jane testified that Penny pulled down her panties and stuck his "hand in" her "private part." Defense counsel was then allowed recross-examination. The State then called the social worker and played the videotape during her testimony. After the videotape was played, the record does not indicate that Penny ever attempted to recall Jane.
¶ 12. The test for whether a defendant's right of confrontation has been violated by introduction of out-of-court statements depends on whether the statements are testimonial or non-testimonial. Id. at 68, 124 S.Ct. 1354. Therefore, we must first classify Jane's video statement. "[A] statement is testimonial when it is given to the police or individuals working in connection with the police for the purpose of prosecuting the accused." Hobgood v. State, 926 So.2d 847, 852(¶ 12) (Miss.2006). Jane's statement was given on videotape to her social worker, on behalf of and at the request of the assistant district attorney. The sole purpose of the taped statement was to present it at trial in lieu of live testimony. The purpose of playing it after Jane's in-court testimony was to allow her to give more details on *538 the videotape than she did while on the stand. Jane's video statement is testimonial.
¶ 13. Prior testimonial statements are not admissible under the Sixth Amendment unless the witness is (1) unavailable at trial and (2) the defendant had a prior opportunity for cross-examination. Crawford, 541 U.S. at 68, 124 S.Ct. 1354. "Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." Id. at 68-69, 124 S.Ct. 1354. "Dispensing with confrontation because testimony is obviously reliable is akin to dispensing with jury trial because a defendant is obviously guilty. This is not what the Sixth Amendment prescribes." Id. at 62, 124 S.Ct. 1354.
¶ 14. This Court recently had the opportunity to apply the Crawford rule to a factually similar case in Elkins v. State, 918 So.2d 828 (Miss.Ct.App.2005). Elkins was indicted for one count of sexual battery and one count of fondling against a minor. Id. at 830(¶ 4). The minor testified at trial that "Elkins performed oral sex on her on a regular basis." Id. Elkins denied the oral sex, but admitted to accidentally touching her bottom. Id. at 830-31(¶ 5). The jury acquitted him on sexual battery but found him guilty of fondling. Id. at 831(¶ 5). Elkins appealed and argued that the trial court violated his right to confrontation when it allowed a social worker to testify to the minor's out-of-court statements. Id. at 832(¶ 10). This Court distinguished Crawford:
Under Crawford, the confrontation clause is violated when a hearsay declarant is available to testify at the trial, but does not do so, and the defendant lacked an opportunity to cross-examine the declarant on a prior occasion. Unlike the scenario condemned in Crawford, in the present case, P.B. testified at the trial and Elkins cross-examined her. Therefore, his right to confront P.B. was preserved. . . .
Id. at 832(¶ 12) (citations omitted).
¶ 15. Like the minor victim in Elkins, Jane testified in court and recounted her allegations. Penny likewise cross-examined her at trial on this point and had the opportunity to re-cross her after the video was played for they jury. Elkins may be distinguished slightly. Indeed, here the reason the prosecution offered the videotape as evidence was because Jane gave more details on the videotape than she did in her trial testimony. However, the only added details were that Penny was in the bathroom while she was watching "Dora the Explorer," and the sexual battery happened after Penny came out of the bathroom. At trial, Jane gave an identical account of this incident but left out the detail of watching television and said she could not remember the detail of the bathroom.
¶ 16. To the extent that the video statement duplicated Jane's in court testimony, there was clearly no denial of the right to confrontation. To the extent that the video statement added new information, there was still no denial of the right to confrontation, because Penny had the opportunity for re-cross-examination after the statement was entered.
B. Tender years hearsay exception
¶ 17. While a particular hearsay statement may not violate the Confrontation Clause, it may offend state hearsay rules. Crawford, 541 U.S. at 51, 124 S.Ct. 1354. "Hearsay is not admissible except as provided by law." M.R.E. 802. One such exception is known as the tender years exception:

*539 A statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence if: (a) the court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide substantial indicia of reliability; and (b) the child either (1) testifies at the proceedings; or (2) is unavailable as a witness: provided, that when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.
M.R.E. 803(25). There is a rebuttable presumption that children under twelve are of tender years. Veasley v. State, 735 So.2d 432, 436(¶ 16) (Miss.1999). The indicia of reliability must be shown from the totality of the circumstances that surround the making of the statement. Garrison v. State, 726 So.2d 1144, 1148 (Miss.1998). Corroborating evidence may not be used as indicia of reliability. Idaho v. Wright, 497 U.S. 805, 823, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). Some factors that the trial court should look at to determine indicia of reliability are (1) whether the child has an apparent motive to lie, (2) the child's general character, (3) whether more than one person heard the statement, (4) whether the statements were made spontaneously, (5) the timing of the declarations, (6) the relationship between the child and the witness, (7) the possibility of the child's faulty recollection is remote, (8) certainty that the statements were made, (9) the credibility of the person testifying about the statements, (10) the age or maturity of the child, (11) whether suggestive techniques were used in eliciting the statement, and (12) whether the child's age, knowledge, and experience make it unlikely that the child lied. M.R.E. 803(25) cmt.
¶ 18. Penny challenges the spontaneity and timing of the statements. He says it was a preplanned interview, taken months after the alleged crime. The trial court found the statements were not the product of prompting or leading questions. He noted that the prosecutor was not present when the statements were made. The statements were made from Jane to Melissa Essary, a counselor from Mississippi Department of Human Resources. We hold the trial court did not abuse its discretion. The taped statement is of an interview between Jane and her counselor. Jane's statements were responses to Essary's open-ended questions. There is no evidence that Essary or anyone else suggested what Jane's responses should be. This issue has no merit.
C. Requirement that testimony be given under oath
¶ 19. Finally, Penny argues that the video statement violates the requirement that testimony be given under oath.
¶ 20. Rule of Evidence 603 requires that testimony be given under oath; however, the video statement was not. The video statement, with the two exceptions noted above, was duplicative of Jane's in-court testimony, which was given under oath. Additionally, Jane swore under oath, in court, that she had viewed the video and that she told the truth in the video. Thus there is merit to Penny's contention that Jane's testimony was not under oath.
¶ 21. Even had Jane not so testified, there would be no Rule 603 problem. The introduction of Article VIII, Hearsay, of the Mississippi Rules of Evidence explains the relationship between this requirement and the law of hearsay:
A witness'[s] testimony is evaluated on the basis of four factors: perception, memory, narration, and sincerity. In order that the testimony can be properly *540 considered in the light of these factors, the testimony should comply with three conditions. The witness should testify (1) under oath, (2) in the presence of the trier of fact, and (3) be subjected to cross-examination. Past experience as well as common sense indicate that some testimony which does not conform to these three conditions may be more valuable than testimony that does. The four factors may, in some instances, be present in the absence of compliance with the three aforementioned conditions. The solution that the common law developed over a period of time was a general rule against hearsay which permitted exceptions which furnished guarantees of trustworthiness and reliability.
. . . . The concluding provisions of both Rule 803 and 804 (803(24) and 804(b)(5) respectively) allow for the use of hearsay statements which do not fall within the recognized exceptions, when the guarantees of trustworthiness and necessity are present. These two provisions are a recognition that the law is not stagnant; they are designed to encourage the development of this area of the law.
¶ 22. "The two underlying reasons for any exception to the hearsay rule are . . . necessity . . . and a circumstantial guaranty of the trustworthiness of the offered evidencethat is, there must be something present which the law considers a substitute for the oath. . . ." Hercules, Inc. v. Walters, 434 So.2d 723, 726 (Miss.1983). Thus, hearsay exceptions allow for the admissibility of certain statements, regardless of the fact that they might otherwise violate Rule 603. We note that the tender years exception is not a traditional hearsay exception. Before the tender years exception was established, however, children's out-of-court statements regarding sexual abuse were evaluated under the residual hearsay exceptions. See, e.g., Quimby v. State, 604 So.2d 741, 746 (Miss.1992); Mitchell v. State, 539 So.2d 1366, 1370 (Miss.1989). This issue has no merit.
II. Was Jane competent to testify?
¶ 23. The next argument Penny raises is that the trial court erred in declaring Jane competent to testify. He asserts that she did not know what it meant to tell the truth and did not understand the consequences of perjury. He also argues that Jane did not exhibit the ability to remember events. He does not challenge her ability to answer questions intelligently. The State counters that the trial court was correct.
¶ 24. The question of whether a witness is competent to testify is left to the sound discretion of the trial court. Barnes v. State, 906 So.2d 16, 20(¶ 15) (Miss.Ct.App.2004). A child is competent to testify if the court ascertains that the child possesses "the ability to perceive and remember events, to understand and answer questions intelligently and to comprehend and accept the importance of truthfulness." Mohr v. State, 584 So.2d 426, 431 (Miss.1991). "The trial court is afforded great deference in its determination that a child witness is competent to testify." Williams v. State, 859 So.2d 1046, 1049(¶ 14) (Miss.Ct.App.2003). In order to prevail, Penny "must show that at the time the court made its initial decision that it was apparent that the witness did not meet the criteria for testifying, not that the subsequent testimony was flawed or that the initial determination was possibly erroneous." Id.
¶ 25. The trial court conducted an in camera hearing on Jane's competency the day before she testified. The trial court, *541 prosecutor, and defense counsel examined Jane.
¶ 26. During the interview, Jane recounted what grade she was in, who her teacher was last year, the fact that her mother saw her last report card, the age of her younger sister, and with whom she lives. She did not remember what her grades were last year or any names except for her own, her mother's name, and both her grandfathers' names. On this record, we hold that the trial court did not abuse its discretion in finding Jane had the ability to perceive and remember events.
¶ 27. Jane also exhibited the ability to comprehend and accept the importance of truthfulness during the interview. She said that telling a lie was telling something that you made up. She said telling the truth was telling what really happened. Jane told the court that telling a lie was wrong, and telling the truth was right. She said that punishment was the consequence of telling a lie. She promised to tell the truth in the courtroom. She said if she did not remember, she was supposed to say, "I forgot." The only evidence that she did not understand the consequences of telling a lie was when the defense counsel asked her, "What would happen to you if you didn't tell the truth?" She answered, "I forgot it." Given her earlier answers, the court found she understood and accepted the importance of telling the truth. We agree.
¶ 28. The trial court did not abuse its discretion in finding Jane competent to testify.
III. Was Discenza qualified to testify as an expert in sexual assault examination?
¶ 29. Finally, Penny challenges whether Discenza was competent to testify as an expert witness. Discenza's testimony was that Jane had been sexually penetrated. Her opinion was based on the history given by Jane, her mother, as well as Discenza's physical examination of the child. The jury found she had not been penetrated, because it acquitted Penny of both counts of sexual battery. This was no doubt the result of cross-examination in which Discenza testified the child had a prior history of sexual abuse and there were no recent or continuous signs of penetration. The exam was conducted the day after the last alleged occurrence.
¶ 30. Any error in the admission or exclusion of evidence is not grounds for reversal unless the error adversely affected a substantial right of a party. Lynch, 877 So.2d at 1281(¶ 86). We need not decide whether Discenza was qualified, because her testimony did not adversely affect a substantial right. If anything, her testimony helped Penny's case.
¶ 31. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY OF CONVICTION OF FONDLING AND SENTENCE TO SERVE FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THE LAST NINE YEARS SUSPENDED PENDING THE DEFENDANT'S FUTURE GOOD BEHAVIOR IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.
NOTES
[1] To protect the identity of the victim and her family, we use a fictitious name.