ISHEE, J.,
 

 for the Court.
 

 ¶ 1. Coy Michael Edmond was indicted by a Lafayette County grand jury for the crime of sexual battery of a child over fourteen and under sixteen years of age, pursuant to Mississippi Code Annotated section 97-3-95(l)(c) (Rev.2006). Edmond was found guilty in the Circuit Court of Lafayette County and was sentenced to thirty years in the custody of the Mississippi Department of Corrections, with twenty years suspended and five years of post-release supervision. Edmond was also sentenced to pay court costs and restitution in the amount of $50,000. Edmond appeals and asserts the following issues:
 

 I. Whether there was sufficient evidence presented to prove the age of the victim.
 

 II. Whether the circuit court erred in allowing the trial to proceed despite the State’s discovery violation in producing information at trial regarding the diminished mental capacity of the victim.
 

 III. Whether the circuit court erred in failing to apply and follow the tender years exception to the hearsay rule.
 

 IV. Whether the circuit court erred in overruling his motion for a new trial.
 

 Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On February 4, 2006, a fifteen-year-old girl, Hannah,
 
 [1]
 
 was baby-sitting for Edmond’s family. Hannah’s sister, Sharon, was also at Edmond’s home on the night of the incident, but she went home during the night. Both Hannah and her sister had previously baby-sat for Edmond’s three small children on several other occasions. When she baby-sat for the family, she would often stay overnight, and Edmond and his wife would take her home early the next morning. Hannah’s parents and Edmond’s family were social friends. On the night of the crime, Hannah’s parents and Edmond’s wife traveled to the casino with friends, but Edmond stayed behind, possibly because he was ill. Hannah testified that at some point that night, Edmond approached her as she was resting in the recliner and the children were asleep. Hannah testified that he talked to her, then started rubbing her breasts, and kissing her. She testified that he then unzipped his pants and forced her head toward his private area. Hannah testified that she performed oral sex on him, and afterwards, he informed her not to tell anyone about what had happened. Edmond then left her and went into his bedroom. Bobby Wilkerson testified that he and Edmond were friends before the sexual battery took place. He testified that Edmond had suggested to him, before the crime took place, that they both could “tag team” Hannah — or both have sex with the girl. Wilkerson told Edmond he wanted no part in the plan. Wilkerson testified that he went to Edmond’s home the next day. According to Wilkerson, Edmond told him that Hannah had given him a “blow job,” but they had not had sex.
 

 ¶ 3. Hannah testified that she was born on May 16, 1990, as did her mother, Dolly. Dolly testified at trial that Hannah is actually her biological niece, but she and her husband had adopted Hannah on April 4, 2000. Hannah’s mother testified that
 
 *538
 
 Hannah was enrolled in special education classes and was currently in the eleventh grade at school. However, Dolly explained that Hannah was reading and performing math at only a fifth or sixth grade level. Dolly also explained that both Edmond and his wife were aware of Hannah’s mental difficulties.
 

 ¶ 4. Edmond testified on his behalf and said that he just checked on Hannah during the night and eventually went to bed at approximately 10:30 p.m. He denied any wrongdoing concerning Hannah. However, Edmond believed that Hannah had a crush on him.
 

 ¶ 5. A jury found Edmond guilty of sexual battery. Edmond was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections, with twenty years suspended and five years of post-release supervision. Edmond was also sentenced to pay court costs and restitution in the amount of $50,000. It is from this verdict that Edmond now appeals.
 

 DISCUSSION
 

 I. Evidence of the Age of the Victim
 

 ¶ 6. Edmond acknowledges that the age of a person can be proven by testimony at trial, citing
 
 Wright v. State,
 
 856 So.2d 341, 344(¶ 9) (Miss.Ct.App.2003). However, for Edmond’s first assignment of error, he argues that the victim’s mother did not testify from her own personal knowledge as to the time, date, and place of Hannah’s birth. Edmond argues that no birth certificate was introduced at trial. Further, he argues that Hannah could not possibly have known when she was born. Additionally, he argues the testimony of both Hannah and Dolly regarding her age was hearsay. Edmond argues that the State failed to prove every element of the offense, namely Hannah’s age at the time of the crime, beyond a reasonable doubt.
 

 ¶ 7. The State argues in reply that there is no merit to Edmond’s' allegation. The State contends that the testimony of the victim as to her birth date was credible, legally sufficient evidence to show she was in fact fifteen years old at the time of the crime. The State cites
 
 Hayes v. State,
 
 803 So.2d 473, 478-79(¶ 12) (Miss.Ct.App.2001) to support its contention that the testimony of the victim regarding her date of birth is sufficient to prove her age at the time of the crime.
 

 ¶ 8. In
 
 Rankin v. State,
 
 963 So.2d 1255, 1262(¶ 28) (Miss.Ct.App.2007), this Court recognized that “[t]he State is not required to provide a birth certificate or other documentation to show age.” In
 
 Rankin,
 
 a statutory rape case, this Court noted that both the twelve-year-old victim and her mother testified as to the child’s date of birth and age at the time of the crime.
 
 Id.
 
 In the present case, both the victim and her mother testified that her date of birth was May 16, 1990. The crime occurred on February 4, 2006, which meant that Hannah was fifteen years old at the time of the incident. While Dolly is Hannah’s adoptive mother, Dolly is also related by blood to Hannah, as she is Hannah’s biological aunt. We find that both Hannah and her mother, Dolly, could accurately testify as to Hannah’s actual date of birth. This Court finds that this issue is without merit.
 

 II. Discovery Violation
 

 ¶ 9. Edmond complains that he was not informed that the victim was developmentally disabled until the first day of trial. Edmond argues that this information should have been disclosed during the discovery process before trial. Edmond contends that he should have been afforded more time to perform tests on the victim to determine her mental capacity and whether she would be capable of testi
 
 *539
 
 fying at trial. Edmond argues that this late disclosure of her mental handicap violated Rule 9.04(E) of the Uniform Rules of Circuit and County Court, thereby creating a reversible error.
 

 ¶ 10. The State replies that Edmond did not ask for a continuance based on the alleged discovery violation; therefore, this issue is procedurally barred. Further, the State argues there was no showing that Edmond suffered actual prejudice from the State’s late disclosure that Hannah was developmentally disabled.
 

 ¶ 11. Prior to trial, the prosecutor stated that Hannah’s mother had just informed him of Hannah’s I.Q., which was why the prosecutor failed to disclose the information earlier. There was no allegation or evidence in the record to indicate otherwise.
 

 ¶ 12. According to the Rule 9.04(E) of the Uniform Rules of Circuit and County Court:
 

 Both the [Sjtate and the defendant have a duty to timely supplement discovery. If, subsequent to compliance with these rules or orders pursuant thereto, a party discovers additional material or information which is subject to disclosure, that party shall promptly notify the other party or the other party’s attorney of the existence of such additional material, and if the additional material or information is discovered during trial, the court shall also be notified.
 

 “Based on the procedure first outlined in
 
 Box v. State,
 
 437 So.2d 19, 23-24 (Miss.1983), when a trial court is faced with previously undisclosed evidence to which the defendant has objected, it should give the defendant a reasonable opportunity to familiarize himself with the evidence.”
 
 Bell v. State,
 
 963 So.2d 1124, 1133(1122) (Miss.2007). It is then the defendant’s responsibility to request a continuance if, thereafter, he believes he may be prejudiced by his lack of opportunity to prepare for the admission of the evidence.
 
 Id.
 
 The defendant may also request a motion for a mistrial.
 
 Id.
 
 If the defendant does not request a continuance, he waives the issue.
 
 Id.; see also Porter v. State,
 
 869 So.2d 414, 420(¶ 21) (Miss.Ct.App.2004) (finding an alleged discovery violation was waived on appeal for failure to request a continuance). In
 
 Barnes v. State,
 
 854 So.2d 1, 5(¶ 13) (Miss.Ct.App.2003) (citing
 
 Kelly v. State, 778
 
 So.2d 149, 152 (¶¶ 12-13) (Miss.Ct.App.2000)) this Court found no error on a claim of an alleged discovery violation because Rule 9.04(1) “requires Barnes to have sought a continuance or mistrial, which he did not.”
 

 ¶ 13. On cross-examination, Hannah testified that she understood the difference between telling the truth and lying, and she knew how important it was to tell the truth. She also indicated that she understood that it was a serious criminal charge that was at issue, and she understood the importance of the situation.
 

 ¶ 14. In the case at bar, Edmond neither requested a continuance nor asked the circuit court for a mistrial. Edmond claims that “if the Defendant had claimed undue surprise or undue prejudice he could seek a continuance or mistrial but no such opportunity was afforded the Appellant in this case.” However, Edmond has failed to demonstrate that he asked for a continuance or a mistrial upon learning of Hannah’s mental handicap, and he has failed to explain why he was unable to request a continuance or ask for a mistrial. Accordingly, this issue is procedurally barred.
 

 III. Tender Years Exception
 

 ¶ 15. Edmond argues that since the victim had an admitted limited mental capacity with an I.Q. of between sixty and seventy, the circuit court should have ap
 
 *540
 
 plied the tender years exception to the hearsay rule. Edmond argues that the circuit court did not make a determination of the child’s ability to perceive or remember events and failed to question her to make a proper determination of whether she was competent to testify.
 

 ¶ 16. The State argues that since Edmond failed to object to the testimony of the victim at trial, and in fact cross-examined her, he is proeedurally barred from raising this issue on appeal. The State also points out that because Edmond cross-examined the victim, he cannot now claim that the child was incompetent to testify, citing
 
 Rhymes v. State,
 
 356 So.2d 1165, 1169 (Miss.1978).
 

 ¶ 17. Under Mississippi Rule of Evidence 601, with some exceptions, “[e]very person is competent to be a witness....” This Court has stated the following regarding the admissibility of a minor’s testimony at trial:
 

 Mississippi courts generally allow children of tender years to testify if competent. Rule 601 of the Mississippi Rules of Evidence provides that every person is competent to be a witness unless they are incompetent or otherwise restricted. It is in the sound discretion of the trial judge to determine the competency of a child witness. Before allowing the child to testify, the judge should determine “that the child has the ability to perceive and remember events, to understand and answer questions intelligently and to comprehend and accept the importance of truthfulness.”
 

 Tillman v. State,
 
 947 So.2d 993, 996(¶ 13) (Miss.Ct.App.2006) (quoting
 
 Hersick v. State,
 
 904 So.2d 116, 130(¶ 63) (Miss.2004)).
 

 ¶ 18. In the present case, the circuit court found “no reason now to believe that the witness should not be allowed and permitted to testify.” This was borne out by the fact that Hannah understood the questions she was asked and formulated appropriate responses. Furthermore, Edmond cross-examined Hannah extensively. Edmond’s counsel questioned Hannah regarding the importance of telling the truth, to which she responded, “You want to tell the truth. It’s not good to lie because you could get someone else in trouble or you can get your own self in trouble and it’s just good to tell the truth.” She also testified that she knew the difference between the truth and a lie. In
 
 Rhymes,
 
 a child -witness testified at trial, and during both the direct and cross-examination, the child stated that he knew the difference between telling the truth and telling a lie and the importance of telling the truth.
 
 Rhymes,
 
 356 So.2d at 1168. The appellant in that case argued that the court erred in failing to determine whether the child was competent to testify.
 
 Id.
 
 The supreme court found that the examination at trial “indicate[d] that the child knew the meaning of telling the truth.”
 
 Id.
 
 at 1169. Additionally, the supreme court also found that “[t]he cross-examination by appellant waived his challenge to the competency of such witness.”
 
 Id.
 

 ¶ 19. In
 
 Williams v. State,
 
 859 So.2d 1046, 1049 (¶¶ 12-15) (Miss.Ct.App.2003), this Court found no error with the circuit court’s determination that an eight-year-old victim of sexual abuse, who was in special education classes, was competent to testify at trial. In the present case, the circuit court found no reason not to allow Hannah to testify. At trial, she demonstrated her understanding of the importance of telling the truth and her understanding of the seriousness of the pending charges. Notwithstanding Hannah’s diminished I.Q., there was no indication that she was not competent to testify. We find no error with the circuit court’s ruling that Hannah was competent to testify. This issue is without merit.
 

 
 *541
 
 IV. Motion for a New Trial
 

 ¶ 20. Edmond argues that the main witness, the victim, had a reduced mental capacity and became visibly confused and inconsistent regarding her version of events, including the date and time the crime actually occurred. Edmond argues that the circuit court erred in denying his motion for a new trial.
 

 ¶ 21. A motion for a new trial is addressed to the discretion of the trial court.
 
 Bush v. State,
 
 895 So.2d 836, 844(¶ 18) (Miss.2005) (citation omitted). Appellate review of a trial court’s denial of a motion for a new trial looks to the weight of the evidence.
 
 Id.
 
 (citing
 
 Herring v. State,
 
 691 So.2d 948, 957 (Miss.1997)). We will review the evidence in the light most favorable to the verdict, and we will reverse the denial of the motion for a new trial only if the verdict is “so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.”
 
 Id.
 

 ¶ 22. In this case, the victim, Hannah, testified at trial regarding what happened on the date of the crime. In addition, Edmond’s friend, Wilkerson, testified for the State. Wilkerson testified that Edmond disclosed to him on the day after the crime allegedly occurred, that Hannah had given him a “blow job.” This testimony corroborated the testimony given by Hannah at trial. Edmond also testified at trial, giving his version of events on the date of the crime. The jury, sitting as the finder of fact, found Edmond guilty, thereby finding Hannah’s and Wilkerson’s testimonies to be more credible than the testimony given by Edmond. We do not find that the verdict is contrary to weight of the evidence; therefore, the circuit court properly denied Edmond’s motion for a new trial. This issue is without merit.
 

 ¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY OF CONVICTION OF SEXUAL BATTERY OF A CHILD OVER FOURTEEN AND UNDER SIXTEEN YEARS OF AGE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWENTY YEARS SUSPENDED AND FIVE YEARS OF POST-RELEASE SUPERVISION, AND TO PAY $50,000 IN RESTITUTION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . The Court of Appeals declines to reveal the names of child victims of sexual battery. In the interest of the child's privacy, the minor’s name, as well as the names of family members have been substituted with fictitious aliases.