CARLSON, Presiding Justice,
for the Court:
¶ 1. On February 1, 2009, Michael Kelly was charged with reckless driving at the location of the ZipTrip Store in Hum-phreys County. On March 5, 2009, Kelly was found guilty of this charge in justice court, and he paid a fine of $114. Arising out of the same facts, a Humphreys County grand jury handed down a two-count indictment against Kelly on September 10, 2009. Count I charged Kelly with the aggravated assault of Tiffany Walker (by hitting Walker while driving his truck). Count II charged Kelly with felony malicious mischief for the destruction of a Master-Bilt outdoor ice machine. Count II of the indictment is not an issue in today’s case.
¶ 2. Kelly moved for dismissal of his indictment, asserting his double-jeopardy rights. The trial court denied Kelly’s motion. Aggrieved, Kelly filed with us a Petition for Permission to Appeal from an Interlocutory Order, and a three-justice *804 panel of this Court granted Kelly’s petition pursuant to Beckwith v. State, 615 So.2d 1134, 1146 (Miss.1992), to consider’s Kelly’s double-jeopardy claim. Having now considered the merits of Kelly’s double-jeopardy claim, we affirm the trial court’s denial of Kelly’s motion to dismiss.
JURISDICTION
¶ 3. Since this is an appeal simply from the denial of a motion to dismiss, an obvious issue is whether we have jurisdiction to consider it. Generally, an appeal may be taken in a criminal case only from a final judgment. Miss.Code Ann. § 9-3-9 (Rev. 2002). However, in certain limited circumstances, we may entertain interlocutory appeals. Beckwith, 615 So.2d at 1142-43; Miss. R.App. P. 5.
¶ 4. In our seminal decision in Beckwith, we held that, “[b]ecause of the unique nature of the denial by a circuit court of a colorable double jeopardy claim, involving as it does the Constitutional right not to be prosecuted for the offense, it is final. This Court is authorized to treat it as a ‘final judgment’ ... [under] Miss.Code. Ann. § 9-3-9....” Beckwith, 615 So.2d at 1146.
¶ 5. In Beckwith, this Court cited Abney v. United States, 431 U.S. 651, 657, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) for the proposition that “the double jeopardy clause protected an accused beyond that of being twice convicted for the same offense, it protected the accused ‘against being twice put to trial for the same offense.’ ” Beckwith, 615 So.2d at 1138 (emphasis in original). Hence,
[o]rders denying motions to dismiss an indictment on double jeopardy ... grounds are likewise immediately ap-pealable ... Refusals to dismiss an indictment for violation of the Double Jeopardy Clause ... are truly final and collateral, and the asserted rights ... would be irretrievably lost if review were postponed until trial is completed.
Id. at 1141.
¶ 6. The United States Supreme Court is in accord with our position on this jurisdictional issue, as it has held that “pretrial orders rejecting claims of former jeopardy ... constitute ‘final decisions’ and thus satisfy the jurisdictional prerequisites of 28 U.S.C. § 1291.” Abney, 431 U.S. at 662, 97 S.Ct. at 2042. See also Flanagan v. United States, 465 U.S. 259, 270, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984); United States v. MacDonald, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978).
¶ 7. Consistent with today’s discussion, we find that prejudgment double-jeopardy appeals are reviewed on an interlocutory basis; therefore Kelly’s double-jeopardy claim is properly before this Court.
WHETHER DOUBLE JEOPARDY APPLIES IN THIS CASE
 ¶ 8. “We apply a de novo standard of review to claims of double jeopardy.” Boyd v. State, 977 So.2d 329, 334 (Miss.2008) (citing Brown v. State, 731 So.2d 595, 598 (Miss.1999)). “The constitutional protection at issue, commonly known as the double-jeopardy clause, is enforceable against the states through the Fourteenth Amendment. Its protection prohibits, inter alia, multiple punishments for the same offense.” Boyd, 977 So.2d at 334 (citing Brown, 731 So.2d at 599). “[A] conviction can withstand [a] double-jeopardy analysis only if each offense contains an element not contained in the other.” Boyd, 977 So.2d at 334 (citing Powell v. State, 806 So.2d 1069, 1074 (Miss.2001)). “If they do not, the two offenses are, for double-jeopardy purposes, considered the same offense, barring prosecution and punishment for both.” Id.
*805 ¶ 9. Kelly argues that reckless driving is a lesser-included offense of aggravated assault in this case.[1] Since Kelly entered a plea of guilty to reckless driving, he argues that to try him for aggravated assault would violate the prohibition against double jeopardy. Both the United States and Mississippi Constitutions provide protections against double jeopardy, providing in the case of the U.S. Constitution that no “person [shall] be subject for the same offense to be twice put in jeopardy of life or limb.... ” U.S. Const, amend. V. See also Miss. Const, art. Ill § 22 (1890). There is no argument but that the two charges arose out of the same set of facts.
¶ 10. This guarantee, enforceable against the states through the Fourteenth Amendment, assures three separate protections: (1) protection from a second prosecution for the same offense after acquittal, (2) protection from a second prosecution for the same offense after conviction, and (3) protection from multiple punishments for the same offense. U.S. v. Dixon, 509 U.S. 688, 695-96, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). This case deals with the protection against a second prosecution for the same offense after conviction.
 ¶ 11. The trial court applied the double-jeopardy test established by the United States Supreme Court in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The Block-burger test instructs courts to determine whether each offense contains an element not present in the other; if not, they are labeled the same offense, for double-jeopardy purposes. The rule plainly states that “where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.” Blockburger 284 U.S. at 304, 52 S.Ct. 180. This Court has held that “[t]o determine whether double-jeopardy protections apply, we look to the ‘same-elements’ test prescribed by the United States Supreme Court in Blockburger .... ” Graves v. State, 969 So.2d 845, 847 (Miss.2007) (internal citation omitted).
¶ 12. In today’s case, Kelly was found guilty of misdemeanor reckless driving. Mississippi Code Section 63-3-1201 (Rev. 2004) states:
Any person who drives any vehicle in such a manner as to indicate either a wilful or wanton disregard for the safety of persons or property is guilty of reckless driving. Reckless driving shall be considered a greater offense than careless driving.
The present indictment against Kelly cites Mississippi Code Section 97-3-7(2)(a) (Rev. 2006), which states:
A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life.
Applying this test, the trial court held that, to prove aggravated assault, no element requires proof of a willful or wanton disregard for the safety of person or property. The trial court also held that to prove reckless driving, no element requires proof of injury nor attempt to injure. Therefore, the trial court found that each offense had elements not contained in the other and denied Kelly’s motion to dismiss.
*806 ¶ 13. Kelly argues that it was error for the trial court to make its decision solely based on Blockburger, and in particular urges the application of a different test from Grady v. Corbin, 495 U.S. 508, 509, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). Kelly further argues that this Court has recognized that reckless driving, under certain conditions, is a lesser offense of aggravated assault, which would invoke his double-jeopardy rights. See Brooks v. State, 18 So.3d 833, 841 (Miss.2009). Kelly cites the case of Brown v. Ohio, 432 U.S. 161, 168, 97 S.Ct. 2221, 2227-28, 53 L.Ed.2d 187 (1977), which held that a “greater offense is ... by definition the ‘same’ for purposes of double jeopardy as any lesser offense included in it.” Kelly also attempts an analogy to Illinois v. Vitale, 447 U.S. 410, 419-20, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). The United States Supreme Court, in Vitale, stated that if “a careless failure to slow is always a necessary element of manslaughter by automobile, then the two offenses [of manslaughter and failing to reduce speed] are the same .... trial on the latter charge would constitute double jeopardy....” Id. at 419-20, 100 S.Ct. 2260.
¶ 14. In response, the State argues that Grady was explicitly overruled by U.S. v. Dixon, 509 U.S. at 704, 113 S.Ct. 2849. The State contends that, according to Dixon, both Brown and Vitale merely stand for the proposition that it is double jeopardy to prosecute for a lesser-included offense after a defendant already has been prosecuted for the greater offense. The State further argues that Brooks established only that reckless driving could be a lesser offense for the purposes of jury instructions, not that it was a lesser-included offense in the double-jeopardy setting.
¶ 15. Kelly cites Grady for the proposition that “the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element to an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted.” Grady, 495 U.S. at 508, 110 S.Ct. 2084. Unfortunately for Kelly, that holding in Gh-ady was explicitly overruled in Dixon. The Dixon Court found that the “same-conduct” rule of Grady was wholly inconsistent with other Supreme Court precedent and the “clear common-law understanding of double jeopardy,” instead reinstating the “same-elements” test of Blockburger. Dixon, 509 U.S. at 711, 113 S.Ct. 2849. Kelly’s attempt to invoke the dead letter of the Grady rule cannot prevail. The standard for double-jeopardy analysis is the Block-burger “same-elements” test, not the Grady “same-conduct” test.
¶ 16. Dixon similarly clarified and put into context two other cases on which Kelly relies—Brown v. Ohio and Illinois v. Vitale, both of which stand for the proposition that prosecution of a lesser-included offense is barred by prior prosecution of a greater-included offense. See Brown v. Ohio, 432 U.S. 161, at 168, 97 S.Ct. 2221, and Illinois v. Vitale, 447 U.S. at 419-20, 100 S.Ct. 2260. Dixon found that the holding in Brown “rests squarely upon the existence of a lesser included offense.” Dixon, 509 U.S. at 706, 113 S.Ct. 2849. Similarly, Vitale is “merely an application of the double jeopardy bar to lesser and greater included offenses.” Dixon, 509 U.S. at 707, 113 S.Ct. 2849.
¶ 17. Kelly argues that Mississippi has recognized that, under certain conditions, reckless driving is a lesser offense of aggravated assault. Kelly bases this argument on his reading of our decision in Brooks. In that case, a defendant was charged with aggravated assault, and this Court held that the defendant was entitled to a jury instruction on the lesser-nonin- *807 eluded offense of reckless driving “the same as if it were a lesser-ineluded charge.” Brooks, 18 So.3d at 839-40 (citing Moore v. State, 799 So.2d 89, 91 (Miss.2001)). The argument that this analogy to a lesser-ineluded charge, in the context of jury instructions, transforms reckless driving into an actual lesser-ineluded charge of aggravated assault for double-jeopardy purposes has no merit. The Court specifically held in Brooks that “reckless driving is a separate and distinct offense from aggravated assault” and is a nonincluded offense of that crime. Brooks at 839. Furthermore, in Brooks, we specifically held that aggravated assault does not have the same elements as reckless driving:
There is no intent requirement in the reckless-driving statute, which simply criminalizes driving a vehicle in a manner that indicates a wilful or wanton disregard for the safety of persons or property. Miss.Code Ann. § 63-3-1201 (Rev. 2004). Therefore, the evidence to support a verdict of guilt of reckless driving does not necessarily prove guilt of aggravated assault, under Rowland, because a conviction for aggravated assault requires proof of intent. Rowland, 531 So.2d at 631-32.[2]
Brooks, 18 So.3d at 841. Kelly’s argument that this Court has recognized reckless driving as a lesser-ineluded offense of aggravated assault for double-jeopardy purposes is meritless.
CONCLUSION
¶ 18. The United States Supreme Court made clear in Dixon that the standard for a double-jeopardy analysis of two charges arising out of the same facts remains the Blockburger “same-elements test,” which likewise remains the rule in Mississippi as set out in Graves v. State, 969 So.2d 845, 847 (Miss.2007). The law is that prosecution of a greater offense, for double-jeopardy purposes, bars the prosecution of any lesser offense included therein. However, this Court has never held that reckless driving may be a lesser-ineluded offense of aggravated assault for double-jeopardy purposes. Indeed, each charge contains elements that the other does not. To prove aggravated assault, it is not necessary to prove the element of willful or wanton disregard for the safety of person or property, nor of driving a vehicle. To prove reckless driving, it is not necessary to prove the elements of injury or attempt to injure. Since each of these charges contains separate elements, the prosecution of Kelly for aggravated assault does not violate his double-jeopardy rights, and that contention is without merit.
¶ 19. For the reasons discussed, the Humphreys County Circuit Court order denying Michael Kelly’s motion to dismiss his aggravated-assault indictment is affirmed, and the case is remanded to the circuit court for further proceedings consistent with this opinion.
¶ 20. AFFIRMED AND REMANDED.
WALLER, C.J., DICKINSON, P.J., RANDOLPH, LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR.

. Count I of the indictment, charging Kelly with aggravated assault, stated, inter alia, that Kelly had caused “serious bodily injury to Tiffany Walker ... by driving his truck at a high rate of speed ... hitting her with [his] truck.”

. Rowland v. State, 531 So.2d 627 (Miss.1988).