# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-KA-00157-SCT

*ROBERT PATRICK TERRELL a.k.a. ROBERT P.*
*TERRELL a.k.a. PATRICK TERRELL*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/04/2014 |
| TRIAL JUDGE: | HON. ANTHONY ALAN MOZINGO |
| COURT FROM WHICH APPEALED: | JEFFERSON DAVIS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | J. M. RITCHEY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LADONNA C. HOLLAND |
| DISTRICT ATTORNEY: | HALDON J. KITTRELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | APPEAL DISMISSED WITHOUT PREJUDICE - 03/26/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., KITCHENS AND COLEMAN, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     Robert Terrell was indicted on twenty counts of mail fraud, conspiracy to commit mail fraud, fraudulent use of identity, conspiracy to commit fraudulent use of identity, timber theft, conspiracy to commit timber theft, false pretense, and conspiracy to commit false pretense.  Terrell filed six motions to quash, consolidate, or dismiss various counts.  The trial court denied the motions.  Terrell appeals, claiming double jeopardy and that the trial court erred by not staying his trial.  The State asserts that Terrell's appeal is not properly before the Court. We agree and dismiss for lack of jurisdiction.

## Factual Background and Procedural History

¶2.    Robert Terrell, Ricardo Hawthorne, and Learchie Nicholson have been charged with conspiring to defraud and actually defrauding John McLendon out of real property and the timber on that property.  Terrell and his co-indictees allegedly forged McLendon's name on fraudulent warranty deeds that conveyed McLendon's land to Hawthorne, and they mailed the fraudulent documents across county lines.  They are further alleged to have sold the timber on McLendon's land for $20,300.  In a twenty-count indictment, Terrell was charged with six counts of mail fraud; six counts of conspiracy to commit mail fraud; one count of fraudulent use of identity; one count of conspiracy to commit fraudulent use of identity; one count of timber theft; one count of conspiracy to commit timber theft; two counts of false pretense; and two counts of conspiracy to commit false pretense.

¶3.    Claiming that many charges would result in a double jeopardy violation, Terrell filed six motions to quash, consolidate, or dismiss various counts.  After a hearing, the trial court denied the motions.  At the end of the hearing, Terrell's counsel indicated his intent to appeal, and the trial court referenced an interlocutory appeal.  Terrell's counsel interrupted the court, saying he considered the court's ruling to be a final judgment on the double jeopardy claim and that the appeal would not be interlocutory.  Terrell filed a notice of appeal the following day.

## Discussion

¶4.    Terrell asserts that the trial court's denial of his double jeopardy claims was error.  He also asserts that the trial court erred by refusing to stay his trial pending the instant appeal.  The State maintains that Terrell's appeal is not properly before the Court.

### I. Whether Terrell's appeal is properly before the Court.

¶5.    At his hearing, Terrell's counsel indicated that he would appeal and stated that he did not believe the appeal to be interlocutory because the court's ruling was a final judgment.  Subsequently, he appealed and followed the procedure for a direct appeal.  The State maintains that Terrell's appeal is not properly before the Court because he failed to comply with Mississippi Rule of Appellate Procedure 5 for interlocutory appeals.

¶6.    Terrell relies on ***Beckwith v. State***, 615 So. 2d 1134 (Miss. 1992), and argues that the trial court's denial of his double jeopardy claims was a final judgment.  He quotes the following from ***Beckwith***:

> Orders denying motions to dismiss an indictment on double jeopardy . . . are likewise immediately appealable. . . . Refusals to dismiss an indictment for violation of the Double Jeopardy Clause . . . are truly final and collateral, and the asserted rights . . . would be irretrievably lost if review were postponed until trial is completed.
>
> . . .
>
> . . . Beckwith's rights under a double jeopardy claim in this case go beyond his right not to be convicted, and are of immediate urgency, justifying determination now. Because of the unique nature of the denial by a circuit court of a colorable double jeopardy claim, involving as it does the Constitutional right not to be prosecuted for the offense, it is final.

***Beckwith***, 615 So. 2d at 1141, 1146 (internal citations omitted).  Terrell writes that his double jeopardy rights "are collateral to and totally independent of his guilt or innocence or

3

the conduct of his trial, and are of immediate urgency." *See Beckwith*, 615 So. 2d at 1145. Be that as it may, the appeal is no less interlocutory than any other appeal that arises before trial or before a final ruling on the issues or charges before the court. Because Terrell is appealing a pretrial order, it is certainly an interlocutory appeal.

¶7. Terrell's reliance on *Beckwith* is misleading. The *Beckwith* Court held that a ruling on a defendant's double jeopardy claims was final and appealable, but such an appeal is still interlocutory. In fact, the appeal in *Beckwith* was interlocutory. The principle from *Beckwith* that a trial court's denial of a double jeopardy claim is a final judgment and immediately appealable has been cited several times. In each case, the denial of the defendant's double jeopardy claim was appealed via an interlocutory appeal. *See Cox v. State*, 134 So. 3d 712 (Miss. 2014); *Kelly v. State*, 80 So. 3d 802 (Miss. 2012); *Roberson v. State*, 856 So. 2d 532 (Miss. Ct. App. 2003). In *Kelly v. State*, relying on *Beckwith*, the Court specially held that "prejudgment double-jeopardy appeals are reviewed on an interlocutory basis[.]" *Kelly*, 80 So. 3d at 804 (¶ 7). *See also Griffin v. State*, 545 So. 2d 729, 732 (Miss. 1989) ("motions raising issues of double jeopardy warrant interlocutory review") (citing *Harden v. State*, 460 So. 2d 1194, 1200-1201 (Miss. 1984)).

¶8. To appeal an interlocutory order, the party appealing must file "a petition for permission to appeal with the clerk of the Supreme Court[.]" Miss. R. App. P. 5. "[A]ppeals from interlocutory orders are not appeals of right[,]" and the party seeking to appeal must ask the Supreme Court for permission to appeal. *Donald v. Reeves Transp. Co. of Calhoun, Georgia*, 538 So. 2d 1191, 1194 (Miss. 1989). Where the Court has not granted permission

4

to appeal, we do not have the authority pursuant to our rules to hear the appeal, and neither the parties nor the lower court can confer the authority to hear it. *See id.* at 1195. Because Terrell did not seek permission to appeal pursuant to Rule 5, we decline to consider his appeal.

## II. Whether the trial court erred in refusing to stay the trial.

¶9. Terrell claims that the trial court's refusal to stay the trial pending his appeal constitutes reversible error. He repeats his argument that denial of a double jeopardy claim is a final judgment that is immediately appealable. The State responds that the issue is moot because the trial court has since continued the case. Had Terrell properly petitioned the Court for interlocutory appeal, he could have requested a stay of the trial court proceedings. Regardless, the point is moot because the trial has been continued pending the appeal.

## Conclusion

¶10. Terrell failed to comply with Rule 5 of the Mississippi Rules of Appellate Procedure pertaining to interlocutory appeals. Thus, we dismiss Terrell's appeal because it is not properly before the Court.

¶11. **THE APPEAL IS DISMISSED WITHOUT PREJUDICE.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR.**