## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2016-CP-01618-COA

**GREGORY L. GILL A/K/A GREGORY GILL**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/21/2016 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GREGORY L. GILL (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/13/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., CARLTON AND GREENLEE, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Gregory Gill pleaded guilty to two counts of touching a child for a lustful purpose in violation of Mississippi Code Annotated section 97-5-23(1) (Supp. 2017).  The trial court sentenced Gill to fifteen years in the custody of the Mississippi Department of Corrections (MDOC) for each count, with the sentences to run consecutively, with fifteen years suspended and five years of postrelease supervision.

¶2.     Gill filed a motion for postconviction relief (PCR), which the trial court denied.  Gill now appeals, asserting the following assignments of error:  (1) his right against double jeopardy was violated; (2) the State failed to amend his indictment; (3) the trial court erred in admitting evidence of Gill's prior convictions; (4) his counsel was ineffective; and (5) his

right to a speedy trial was violated. Finding no error, we affirm the Hancock County Circuit Court's denial of Gill's PCR motion.[1]

**FACTS**

¶3. On February 3, 2014, Gill pleaded guilty to two counts of touching a child for lustful purposes.[2] The trial court sentenced Gill to fifteen years in the custody of the MDOC for each count, with the sentences to run consecutively, with fifteen years suspended and five years of postrelease supervision.

¶4. On July 29, 2016, Gill filed a petition to vacate his conviction and sentence, which the trial court treated as a PCR motion. In his PCR motion, Gill argued that: (1) his right to a speedy trial was violated; (2) his counsel was ineffective; and (3) his right against double jeopardy was violated.

¶5. On September 21, 2016, the trial court entered an order denying Gill's PCR motion. Regarding Gill's speedy-trial claim, the trial court explained that a valid guilty plea operates as a waiver of the right to a speedy trial. The trial court found that since Gill entered a guilty

---

[1] On June 12, 2017, Gill filed a motion asking this Court not to "release any decision of its judgment on [his] appeal to any public broadcasting network or TV news group." He also asked the Court not to "release its decision to the public." On June 20, 2017, this Court entered an order interpreting Gill's motion as a request for a per curiam opinion and passed Gill's motion for consideration with the merits of his appeal.

This Court finds that per curiam affirmance is not called for in this case. *See* M.R.A.P. 35-B(d). Gill provides no authority for the concept that he is entitled to confidentiality in the context of his appeal, which is a matter of public record. Consequently, Gill's motion for an unpublished decision is denied.

[2] Gill's sentencing order reflects that Gill "entered his plea of [g]uilty to the charge of Touching of a Child for Lustful Purposes, Count II only[,] in B2301-13-0120 and Touching of a Child for Lustful Purposes in B2301-14-0017."

plea and failed to show that his plea was not valid, his claim lacked merit.

¶6.     The trial court also found that Gill's claim of ineffective assistance of counsel lacked merit because Gill "failed to show that his counsel's representation fell below an objective standard of reasonableness and that, but for his counsel's alleged errors, he would not have pled guilty." The trial court explained that Gill failed to present evidence to support his claim of ineffective assistance of counsel. Citing Mississippi Code Annotated section 99-35-101 (Rev. 2015), the trial court also provided that since Gill pleaded guilty to the charges against him, he had no right to directly appeal his sentence and no right to counsel for a direct appeal.

¶7.     Finally, the trial court held that Gill was not subjected to double jeopardy because Gill "pled guilty to two (2) separate acts of touching of a child for a lustful purpose, both of which took place on or between January 1, 2004[,] and December 31, 2007."

¶8.     Gill filed his notice of appeal on November 3, 2016.[3]

## STANDARD OF REVIEW

¶9.     "When reviewing a trial court's denial . . . of a motion for PCR, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review. . . legal conclusions under a de novo standard of review." *Chapman v. State*, 167 So. 3d 1170, 1172 (¶3) (Miss. 2015) (quotation omitted).

---

[3] The record reflects that Gill made an earlier attempt to file his notice of appeal. This prior notice of appeal appears in the record, and Gill handwrote the month and the day on the document. The document shows the month October and the year 2016, but the day is illegible. The record also contains an October 25, 2016 letter from the Hancock County Circuit Clerk informing Gill that she was returning his notice of appeal because the circuit court clerk does not accept filings by fax.

3

## DISCUSSION

### I.    Double Jeopardy

¶10.    Gill claims that he was subjected to double jeopardy because he was charged twice for the same crime—touching a child for a lustful purpose. "[T]he Fifth Amendment to the United States Constitution, as well as Article 3, Section 22 of the Mississippi Constitution, protect[s] against double jeopardy, providing that no person shall be prosecuted twice for the same offense." *Williams v. State*, 167 So. 3d 252, 257 (¶15) (Miss. Ct. App. 2015). Specifically, "[t]he Double Jeopardy Clause prevents a second prosecution for the same offense after acquittal, protects against a second prosecution for the same offense after conviction, and protects against multiple punishments for the same offense." *Avery v. State*, 102 So. 3d 1178, 1181 (¶9) (Miss. Ct. App. 2012) (quoting *Ewing v. State*, 34 So. 3d 612, 616 (¶14) (Miss. Ct. App. 2009)) (internal quotation marks omitted).

¶11.    On August 1, 2013, a Hancock County grand jury indicted Gill on the charges of sexual battery (Count I) and touching a child for a lustful purpose (Count II) in Cause No. B2301-13-0120. The record also contains a bill of information entered on February 3, 2014, charging Gill with one count of touching of a child for a lustful purpose in a separate cause number, Cause No. B2301-14-0017. Gill pleaded guilty to two counts of touching a child for lustful purposes pursuant to section 97-5-23(1): one count of touching of a child for lustful purposes as charged in Count II of B2301-13-0120, and one count of touching of a child for lustful purposes as charged in B2301-14-0017. As a result of his guilty pleas, the trial court sentenced Gill to serve fifteen years for each count, with the two sentences to run

4

consecutively.

¶12.   The charge in Count II of Cause No. B2301-13-0120 alleged that:

> [Gill,] being at the time in question over the age of eighteen years, for the purpose of gratifying his lust or indulging his depraved licentious sexual desires, **did unlawfully, willfully[,] and feloniously handle, touch[,] or rub with his hands, the vagina** of the said G.A.G., a child who was at the time in question under the age of sixteen (16) years . . . .

(Emphasis added).

¶13.   The bill of information in cause number B2301-14-0017 charged that:

> [Gill,] being at the time in question over the age of eighteen years, for the purpose of gratifying his lust or indulging his depraved licentious sexual desires, **did unlawfully, wilfully[,] and feloniously handle, touch or rub with his hands the breasts** of G.A.G. a child who was at the time in question under the age of sixteen (16) years . . . .

(Emphasis added).

¶14.   The plea-hearing transcript reflects that the trial court informed Gill that he was pleading guilty to two separate charges of touching a child for a lustful purpose—one count in Cause No. B2301-13-0120 and one count in Cause No. B2301-14-0017.  The trial court then told Gill that each of the charges carried a minimum sentence of two years and a maximum sentence of fifteen years and a minimum fine of $1,000 and a maximum fine of $5,000.  The trial court also asked, "Sir, do you understand if you plead guilty today, you could be sentenced to a maximum [of thirty] years in prison and imposed a maximum fine of $10,000?"  Gill confirmed that he understood, and he informed the trial court that he still intended to plead guilty.  Additionally, during the plea hearing, the State set forth the facts surrounding Gill's charges as follows:

5

[T]he juvenile victim brought out that she had experienced inappropriate sexual activity with the defendant between the years when she was between six and [eleven] years old, and she described the different things that occurred[,] which include[d] different types of touching all over her body, and it occurred multiple times in multiple locations both in Mississippi and outside Mississippi before and after Hurricane Katrina.

¶15. When reviewing double-jeopardy claims on appeal, we utilize the test established in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), which "instructs courts to determine whether each offense contains an element not present in the other; if not, they are labeled the same offense[] for double-jeopardy purposes." *Kelly v. State*, 80 So. 3d 802, 805 (¶11) (Miss. 2012). The Mississippi Supreme Court has stated that "[t]he rule plainly states that 'where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one[] is whether each provision requires proof of a fact which the other does not.'" *Id.* (quoting *Blockburger*, 284 U.S. at 304).

¶16. In *Byers v. State*, 157 So. 3d 98, 104 (¶17) (Miss. Ct. App. 2014), the defendant, Daniel Byers, was indicted for three counts of felony child abuse under Mississippi Code Annotated section 97-5-39(2) (Supp. 2011), and the jury found him guilty of two counts, Count I and Count III. Byers appealed, claiming that he was subjected to double jeopardy. *Id.* at 103 (¶16). This Court acknowledged that Byers was indicted under section 97-5-39(2) on both counts of felony child abuse, and as a result, "the statutory elements were the same." *Byers*, 157 So. 3d at 104 (¶17). The *Byers* Court clarified, however, that "the types of injuries constituting the abuse in the two counts are different: Count I concerns the leg fracture; Count III concerns the bruises and abrasions." *Id.* This Court cited *Nelson v. State*,

6

10 So. 3d 898, 907 (¶37) (Miss. 2009), where the supreme court explained that "[e]ven though there may be a substantial overlap in the proof supporting the convictions of the different crimes, the *Blockburger* test is met where each offense requires proof of an element not necessary to the other." *Byers,* 157 So. 3d at 104 (¶18). The *Byers* Court thus held that "Count III required 'proof of a fact' not found in Count I; namely, that [the victim] suffered serious bodily harm in the form of 'severe bruising, abrasions, and lacerations.'" *Id*.

¶17.    In the present case, the record shows that Count II of Gill's indictment in Cause No. B2301-13-0120 charged Gill with "unlawfully, willfully[,] and feloniously handl[ing], touch[ing,] or rub[bing] with his hands, the vagina" of the victim. In contrast, the bill of information in Cause No. B2301-14-0017 charged Gill with "unlawfully, wilfully[,] and feloniously handl[ing], touch[ing,] or rub[bing] with his hands the breasts" of the victim. Similar to *Byers*, we find that each of the charges against Gill required "proof of a fact" not found in the other charge. Further, it is clear that Gill "was not prosecuted for the same offense after acquittal; he was not subjected to a second prosecution for the same offense after conviction; and he did not receive multiple punishments for the same offense." *Avery*, 102 So. 3d at 1181 (¶9). The factual predicate for the pleas provided by the State reflects that Gill touched the victim inappropriately multiples times when she was between the ages of six and eleven years old, in violation of section 97-5-23(1), and Gill pleaded guilty to charges for two of those occasions. *See Brown v. State*, 198 So. 3d 325, 335-36 (¶¶39-40) (Miss. Ct. App. 2015) (finding that a sufficient factual predicate existed for the guilty plea); *see also Corley v. State*, 585 So. 2d 765, 766-67 (Miss. 1991) (discussing the factual basis required

7

for a guilty plea). Accordingly, we find that Gill's double-jeopardy claim lacks merit.

## II. Indictment

¶18. Gill submits that the State failed to amend his indictment to reflect that he was pleading guilty to two counts of touching a child for lustful purposes; as a result, he claims that he pleaded guilty to an untrue indictment.

¶19. The record reflects that Gill failed to raise this assignment of error in his PCR motion before the trial court. "A defendant who fails to raise an issue in his motion for post[]conviction relief before the trial court may not raise that issue for the first time on appeal." *Marshall v. State*, 136 So. 3d 443, 445 (¶3) (Miss. Ct. App. 2013). Furthermore, the supreme court has held that "a knowing and voluntary guilty plea waives certain constitutional rights[.]" *Joiner v. State*, 61 So. 3d 156, 158 (¶7) (Miss. 2011). "[B]eyond the constitutional rights that may be waived, the law is settled that . . . the entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment." *Id*. at 158-59 (¶7). However, "[a] guilty plea does not waive an indictment's failure to charge an essential element of the crime[.]" *Id*. at 159 (¶7).

¶20. This Court has held that "the chief objective of an indictment is to provide a defendant fair notice of the crime charged." *Jones v. State*, 215 So. 3d 508, 510-11 (¶8) (Miss. Ct. App. 2017). In order to provide a defendant fair notice of the crime charged, "[a]n indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same

8

offense." *Id*. at 511 (¶8).

¶21.   The record before us reflects that Gill was sufficiently aware of the charges against him.  The plea-hearing transcript shows that the trial court read aloud each charge of touching a child for a lustful purpose.  After reading each charge, the trial court asked Gill, "Did you do that?"  Gill responded, "Yes, sir."  Gill then entered a guilty plea to each charge.  The record further reflects that the trial court determined that Gill knowingly, voluntarily, and freely entered his guilty pleas.  Gill bears the burden of showing that his pleas were not voluntary, and Gill does not claim his pleas were invalid.  *See Hannah v. State*, 943 So. 2d 20, 25 (¶11) (Miss. 2006).  We thus find that this issue lacks merit.

### III.   Prior Convictions

¶22.   Gill next argues that the State induced the trial court to render the maximum sentence allowable, even though Gill was not charged as a habitual offender, by offering evidence of Gill's prior convictions.  Gill claims that this caused the judge "to have a prejudicial state of mind" regarding Gill's character.  Gill argues that his prior convictions were "of a totally nonrelevant nature" to the crime of touching a child for a lustful purpose.  Gill further submits that Federal Rule of Evidence 609(a)(1) states that past criminal convictions are not admissible in court if a period of more than ten years has passed since the date of release from that conviction.

¶23.   The record reflects that Gill failed to raise this assignment of error in his PCR motion before the trial court, and he "may not [now] raise [this] issue for the first time on appeal." *Marshall*, 136 So. 3d at 445 (¶3).  Additionally, "a plea of guilty waives any evidentiary

issue." *Jefferson v. State*, 855 So. 2d 1012, 1014 (¶11) (Miss. Ct. App. 2003) (citing *Bishop v. State*, 812 So. 2d 934, 945 (¶39) (Miss. 2002)).

¶24.    Procedural bar notwithstanding, the plea-hearing transcript reflects that after Gill admitted to having three prior convictions, the trial court advised Gill how these prior convictions would affect his decision to plead guilty in the context of any future crimes.  The trial court informed Gill as follows:

> [I]f you were to be charged with an additional crime at some time in the future, the [S]tate could potentially proceed against you as what's commonly referred to as a life habitual.  Ultimately what that could mean is whatever the minimum or the maximum is on that new charge you're potentially charged with in the future, you could potentially serve a term of life in prison on that charge.

¶25.    Our review of the record reveals no indication of any misconduct on the part of the prosecutor or any prejudice on the part of the judge.  We find this issue lacks merit.

### IV.    Ineffective Assistance of Counsel

¶26.    Gill next argues that his counsel was ineffective for failing to disclose to the trial court that Gill's prior conviction was committed in North Carolina, not in Mississippi.  Gill also asserts that his counsel was "uncaring," and Gill claims that his counsel told him that if Gill did not take the plea deal and instead went to trial, he would receive a life sentence plus fifteen years if found guilty by a jury.  Gill states that "based on court proceedings that did occur uncontested and without comment by counsel," he was poorly represented.

¶27.    To prevail on his claim of ineffective assistance of counsel, Gill must show: (1) his counsel's performance was deficient, and (2) the deficiency was prejudicial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  *Strickland* provides that an attorney is deficient if

10

he fails to meet "an objective standard of reasonableness." *Id*. at 688. "[A] strong presumption [exists] that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id*. at 689.

¶28. In order to establish prejudice, Gill must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Since Gill pleaded guilty, he "must show that, were it not for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Burrough v. State*, 9 So. 3d 368, 375 (¶22) (Miss. 2009).

¶29. As stated previously, "a knowing and voluntary guilty plea waives certain constitutional rights[.]" *Joiner*, 61 So. 3d at 158 (¶7). "This 'waiver includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the . . . guilty plea.'" *Hill v. State*, 60 So. 3d 824, 827 (¶6) (Miss. Ct. App. 2011) (quoting *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008)).

¶30. After reviewing the record, we find that Gill's allegations of ineffective assistance of counsel are not supported by any proof except his own affidavit. "A PCR movant bears the burden of showing he is entitled to relief by a preponderance of the evidence." *Ducksworth v. State*, 134 So. 3d 792, 794 (¶3) (Miss. Ct. App. 2013). The supreme court has held that a PCR movant may not rely solely on his own affidavit and unsupported allegations in his brief. *Vielee v. State*, 653 So. 2d 920, 922 (Miss. 1995). Additionally, "where an affidavit is overwhelmingly belied by unimpeachable documentary evidence in the record[–]such as, for example, a transcript or written statements of the affiant to the contrary[–]to the extent

11

that the court can conclude that the affidavit is a sham[,] no hearing is required." *Williams v. State*, 770 So. 2d 1048, 1051 (¶9) (Miss. Ct. App. 2000).

¶31. In the present case, the plea-hearing transcript shows that Gill confirmed that he was satisfied with his attorney's service and also satisfied that his attorney familiarized himself with the facts of Gill's case. Gill acknowledged that his attorney had explained the elements of the crimes for which Gill was charged, as well as any available defenses to these crimes.

¶32. Gill informed the trial court that no one had threatened or coerced him to plead guilty. Furthermore, Gill's guilty-plea petition reflects that Gill believed that his lawyer had "done all that anyone could do to counsel and assist" him. Gill also provided in his guilty-plea petition that he was satisfied with his attorney's advice and help. After our review, we find this issue lacks merit.

## V. Speedy Trial

¶33. Finally, Gill asserts that since he was incarcerated for 479 days prior to his court appearance, his right to a speedy trial was violated. "It is well established that where a defendant voluntarily pleads guilty to an offense, he waives nonjurisdictional rights incident to trial, including the constitutional right to a speedy trial." *Kyles v. State*, 185 So. 3d 408, 411 (¶5) (Miss. Ct. App. 2016) (citing *Anderson v. State*, 577 So. 2d 390, 391-92 (Miss. 1991)). Gill does not argue that his guilty plea was involuntary.

¶34. In denying Gill's PCR motion, the trial court explained that Gill's valid guilty pleas operate as a waiver of the right to a speedy trial. The trial court also found that Gill failed to show that his pleas were not valid. We agree, and we find that this issue lacks merit.

12

¶35. After our review of the record and claims in Gill's PCR motion, we find that the trial court did not err in denying Gill's motion. *See Chapman*, 167 So. 3d at 1172 (¶3).

¶36. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**